Richard S. Busch (SB-5613)
KING & BALLOW
1100 Union Street Plaza
315 Union Street
Nashville, TN 37201

Telephone:  (615) 259-3456
Facsimile:  (615) 726-5417

Attorneys for Plaintiff
BRIDGEPORT MUSIC INC.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
……………………………………………..x
BRIDGEPORT MUSIC INC.
                                                              :
         Plaintiff,
vs.                                                           :   JURY DEMAND

                                                              :
PM SWAPCO, INC. D/B/A SELECT
RECORDS and HITTAGE MUSIC CO., a/k/a   :
HITTAGE MUSIC, INC., and a/k/a CITTAGE
MUSIC,                                                        :

         Defendants.                                  :

                                                              x

Plaintiff BRIDGEPORT MUSIC INC., ("Bridgeport") alleges:

## I.  NATURE OF THE ACTION

1.     On August 22, 1995, plaintiff filed an action against Select Records, Inc., and Hittage Music, Inc., in which plaintiff alleged, among other things, that the musical composition and sound recording "Rollin With Kid 'N Play" (the "Composition") infringed a musical composition owned by plaintiff Bridgeport Music Inc. ("Bridgeport"). In July, 1997, the parties entered into a Settlement Agreement (the "Agreement") under which defendants, agreed to transfer and assign twenty-five percent "of the copyright to the musical composition" and twenty-five percent (25%) "of all publishing rights to the work "Rollin' with Kid N Play" to

plaintiff.  Defendants executed a copyright assignment as part of that Agreement so transferring twenty-five percent (25%) of the Composition and publishing rights.

2. As a result of the Agreement, Bridgeport is the owner of twenty-five percent (25%) of the right, title and interest in and to the musical composition "Rollin' With Kid N Play" including the copyrights therein, together with the right to register the statutory copyright therein.  Plaintiff has complied with all of the laws pertinent to this composition as a copyrighted work.  The Agreement has been deposited, registered and/or recorded properly with the United States Copyright Office on August 9, 2000 in Volume 3456, page 335.  At all times pertinent herein, Plaintiff has complied with all applicable provisions of the copyright laws of the United States of America.

3. As explained below, however, defendants continue to claim 100% ownership of the Composition, and license the Composition without accounting to Bridgeport for its share.  As a result, Bridgeport brings this action for breach of contract, attorneys' fees, accounting, and for a declaration from this Court that Bridgeport owns twenty-five percent (25%) of the Composition in accordance with the terms of the Agreement.

## II. JURISDICTION AND VENUE

4. The jurisdiction of this Court is based upon 28 U.S.C. § 1332 as there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.  Jurisdiction of this Court further is based upon 28 U.S.C. §§1331 and 1338(a) in that the controversy arises under the Copyright Act and Copyright Revision Act of 1976 (17 U.S.C. §101 *et seq*.), which is within the exclusive jurisdiction of federal courts.

5. Personal jurisdiction over each of the Defendants is proper in this Court, among other reasons, on the grounds that Defendants and/or Defendants' agents transact business in the State of New York, and on the further grounds that Defendants' wrongful conduct alleged herein occurred in the State of New York and this District, the initial lawsuit against the Defendants was filed in this District, and the Agreement that is the subject of this action was entered into in this District in order to resolve the action filed in this District.

6. Venue is proper in this District pursuant to 28 U.S.C. §§1391(b),(c) and 1400(a).

### III.  PARTIES

7. Plaintiff Bridgeport is a corporation duly organized and existing under the laws of the State of Michigan and is located at 18500 West 10 Mile Road, Southfield, Michigan 48075. At all times relevant, Bridgeport is, and was, engaged in, among other things, the business of music publishing and otherwise commercially exploiting musical composition copyrights.

8. Defendant PM Swapco, Inc. is a corporation duly organized and existing under the laws of the State of New York, with its principal place of business in New York.  Defendant PM Swapco does business as Select Records whose principal place of business is located at 1099 Wall Street, Suite 390, Lyndhurst, New Jersey 07071. (Hereinafter collectively "Select Records").

9. Defendant Hittage Music Co. also known as Hittage Music, Inc. a/k/a Cittage Music is a New York corporation, whose principal place of business is also located at 1099 Wall Street, Suite 390, Lyndhurst, New Jersey 07071.  (Hereinafter collectively "Hittage").

10. Plaintiff is informed and believes, and on that basis alleges that each of the named Defendants are not only related to the other, but are owned by the same individual, and are jointly responsible for the occurrences herein alleged.

## GENERAL ALLEGATIONS

11. On or about August 22, 1995, Plaintiff Bridgeport Music Inc. filed a copyright infringement action in this District against Defendants Select Records, Inc., Hittage Music and two other parties, Sons of K-OSS Music and Sony Records, Inc., alleging that said Defendants infringed Plaintiff's musical composition "I Don't Know What It Is, But It Sure Is Funky," in Defendants' infringing musical composition and sound recording entitled "Rollin' With Kid N Play."

12. In or about July 1997 Bridgeport and Defendants Select Records and Hittage entered into a written Release and Settlement Agreement of Bridgeport's claims raised in the copyright infringement action (the "Agreement").

13. Paragraph 3 of the Agreement provides that Select (being both PM Swapco, Inc. d/b/a Select Records, and Hittage Music Co. as defined in the Agreement) "agrees to convey one quarter of the copyright to the musical composition and one quarter of all publishing rights to the work 'Rollin' With Kid N Play,' to Bridgeport in the form attached hereto."

14. Paragraph 4 of the Agreement provides that Select, as defined in the Agreement to include defendant Hittage, agrees to arrange payment to Bridgeport in care of Bridgeport's administrator of twenty-five percent (25%) of all moneys earned with respect to the exploitation of the musical composition copyrights in "Rollin' With Kid N Play," including but not limited

to, all mechanical rights, public performance rights and recording income, commencing as of February 10, 1997. Said paragraph further provides that if Select receives payments that should have been paid to Bridgeport, Select will pay such funds over to Bridgeport within ten days of Select's receipt of the funds.

15. Paragraph 7 of the Agreement provides that Bridgeport shall be entitled to recover from defendants their reasonable costs and attorney's fees incurred in enforcing the terms of the Agreement.

16. Paragraph 8 of the Agreement provides that the laws of the United States and the substantive and procedural laws of the State of New York shall govern the Agreement and bind the parties and specified representatives.

17. Through the Agreement, Hittage thus assigned a 25% interest in the musical composition copyright in and to the Composition, as well as the right to receive 25% of all moneys generated by the Composition.

18. Since 1997, Defendants have failed to account to Bridgeport for any revenue or royalties, but have licensed the Composition to third parties without advising the third parties of Bridgeport's share of the Composition. Upon information and belief, Defendants have wrongly and falsely claimed to own 100% of the Composition, in order to have third parties rely on those representations, and pay Defendants royalties to which they are not entitled. Upon information and belief, third parties have so relied on such representations, and have paid Defendants Bridgeport's share of the Composition.

19. Indeed, on information and belief, sometime in 2003, a synchronization license was signed between Defendants and "Music Television" ("MTV") in which Defendants gave

MTV the right to broadcast the Composition in exchange for a certain monetary payment on the program "Showtime at the Apollo." Defendants did not advise MTV of Bridgeport's interest in the Composition, and did not account to Bridgeport for the royalties received from MTV. Defendants likewise never advised ASCAP, as they were required to do under the Agreement, of Bridgeport's twenty-five percent (25%) share of the Composition, and ASCAP's records continue to not list Bridgeport as an owner of the Composition.

20. Likewise, since 1997, Select has not accounted to Bridgeport for any moneys received.

## COUNT I
## BREACH OF CONTRACT

21. Plaintiff repeats and adopts each and every allegation set forth in paragraphs 1 through 20 as if set forth fully herein.

22. As explained fully above, Defendants Select and Hittage entered into an Agreement with Plaintiff under which, among other things: (1) Hittage assigned to Bridgeport a twenty-five percent (25%) ownership interest in the Composition and the same in publishing rights, (2) Defendants agreed to account to Bridgeport for any moneys received by them for Bridgeport's share of the composition; and (3) Defendants agreed to contact ASCAP to advise ASCAP of Bridgeport's ownership in the Composition. Plaintiff has performed fully all of the conditions, covenants and promises required of Plaintiff to be performed as set forth in the Agreement between the parties.

23. Defendants have breached the Agreement by failing to pay Bridgeport any moneys received by them since 1997; licensing the Composition for use without advising third

parties of the fact that Bridgeport is a twenty-five percent (25%) owner of the Composition; and failing to properly advise the performing rights societies, notably ASCAP, of Bridgeport's ownership in the Composition. These breaches are material.

24. As a direct and proximate result of Defendants' material breaches, Bridgeport has incurred damages, including but not limited to loss of income, loss of profits, attorneys' fees, costs and interest, the amount of which shall be determined at the time of trial.

## COUNT II
## ATTORNEYS' FEES

25. Bridgeport repeats and adopts the foregoing paragraphs 1 through 24 as if fully set forth herein.

26. As stated above, the parties entered into an Agreement under which Defendants agreed to pay Bridgeport all of its attorneys' fees incurred in remedying any breach of the Agreement. Defendants have breached the Agreement as discussed above, and Bridgeport has been damaged as explained herein. Bridgeport thus requests an award of its attorneys' fees in connection with this matter in an amount to be determined.

## COUNT III
## ACCOUNTING

27. Bridgeport repeats and adopts the foregoing paragraphs 1 through 26 as if fully set forth herein.

28. Pursuant to the Agreement between the parties, Defendants were required to pay to Bridgeport any moneys received in connection with the Composition beginning in 1997. To date, Bridgeport has received no payments from Defendants, and has received no accounting. Bridgeport asks that the Court order Defendants to submit to such an accounting at their cost and

expense.

## COUNT IV
## DECLARATORY RELIEF AND INJUNCTION

29. Bridgeport repeats and adopts the foregoing paragraphs 1 through 28 as if fully set forth herein.

30. Plaintiff contends that, pursuant to the Agreement between the parties, it owns twenty-five percent (25%) of said Composition effective July 1997 and is entitled to twenty-five percent (25%) of the revenue from the Composition and all derivative works prepared therefrom.

32. Plaintiff respectfully prays that, pursuant to 28 U.S.C. §2201, this Court adjudge, decree and declare the rights and other legal relations of the parties to the subject matter in controversy in order that such declaration shall have the force and effect of a final judgment. Plaintiff desires a judicial determination of their rights and a declaration from the Court that, effective July 1, 1997, all rights, title and interest, including administration rights, in and to twenty-five percent (25%) of the Composition is vested in Plaintiff by virtue of said Agreement and Assignment.

33. Plaintiff further seeks a judicial determination that Plaintiff owns twenty-five percent (25%) of Defendants' share in and to all derivative works prepared from the Composition. Plaintiff requests that the Court award it attorneys' fees and costs incurred in the prosecution of the action, and upon a determination of Plaintiff's ownership, that Defendants be ordered to account fully for all amounts relating to plaintiff's copyrights, such that the revenues and profits rightfully belonging to Bridgeport and improperly gained and/or retained by Defendants may be determined, and paid over to Bridgeport.

34. Pursuant to 17 U.S.C. §502, Plaintiff further seeks a permanent injunction enjoining Defendants, and each of them, their agents, employees and successors, and all persons in active concert and participation with them from, in any manner, dealing with, licensing or collecting, distributing and/or retaining royalties and/or other revenue and/or otherwise commercially exploiting or administering Plaintiff's share of the copyright in and to the Composition and the proportionate share of all of the derivative works created therefrom.

## PRAYER FOR RELIEF

WHEREOF, Bridgeport Music Inc. prays for judgment against Defendants as follows:

1. For an accounting, for the imposition of a constructive trust, for restitution of Defendants' unlawful proceeds and for damages according to proof at the time of trial for breach of contract;

2. For prejudgment and post-judgment interest according to law;

3. For all of Bridgeport's attorneys' fees incurred in remedying Defendants' breaches of the Agreement in accordance with the terms of the Agreement, as well as the costs and disbursement in this action;

4. For a Declaration that Bridgeport Music Inc. owns twenty-five (25%) of the Composition and a proportionate share of all derivative works created therefrom, in accordance with the terms of the Agreement; and

5. For a permanent injunction enjoining Defendants, and each of them, their agents, employees and successors, and all persons in active concert and participation with them from, in any manner, dealing with, licensing or collecting, distributing and/or retaining royalties and other revenues and/or otherwise commercially exploiting or administering Plaintiff's share of the

copyright in and to the Composition and the proportionate share of all of the derivative works created therefrom.

6. For such other and further relief as the Court may deem just and proper.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury as to all matters so triable.

DATED: April 5, 2004                                         Respectfully submitted,

                                                  KING & BALLOW

By: _____
Richard S. Busch (SB-5613)
1100 Union Street Plaza
315 Union Street
Nashville, TN 37201
(615) 259-3456

Attorneys for Plaintiff